960 F.2d 154
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Dafroso S. UMADHAY, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3513.
 United States Court of Appeals, Federal Circuit.
 Feb. 4, 1992.
 
 Before MAYER, MICHEL and CLEVENGER, Circuit Judges.
 ORDER
 MICHEL, Circuit Judge.
 
 
 1
 Dafroso S. Umadhay appeals the September 5, 1990 decision of the administrative judge, Docket No. SE08319010425, which became the final decision of the Merit Systems Protection Board (Board) on June 4, 1991, when the Board denied review, and which sustained the determination of the Office of Personnel Management that petitioner is not entitled to an annuity under the Civil Service Retirement Act (CSRA). Because petitioner filed his appeal with this court more than 30 days after his receipt of the Board's final decision, we must dismiss his appeal as untimely.
 
 
 2
 According to 5 U.S.C. § 7703(b)(1) (1988), "Notwithstanding any other provision of law, any petition for review must be filed within 30 days after the date the petitioner received notice of the final order or decision of the Board." (Emphasis added). Filing occurs when the clerk of our court receives the required papers. Fed.R.App.P. 25(a). With one narrow exception, we do not have the authority to waive a statutory deadline for filing such an appeal. See Pinat v. Office of Personnel Management, 931 F.2d 1544, 1546 (Fed.Cir.1991) (equitable tolling). Timely filing is jurisdictional in every other circumstance.
 
 
 3
 The record includes a return receipt that contains the apparent signature of the petitioner and indicates that the Board's final order was delivered to him on June 28, 1991. Respondent's Appendix at 64. But petitioner did not file his petition for review with this court until July 30, 1991, 32 days later. Id. at 1. As Umadhay does not challenge the record evidence, we can only conclude his appeal is untimely under 5 U.S.C. § 7703(b)(1).
 
 
 4
 Nor is there any evidence in this case permitting the application of the doctrine of equitable tolling. For one thing, there was no alleged misrepresentation by the government. See Irwin v. Veterans Admin., 111 S.Ct. 453, 457-58 (1990), reh'g denied, 111 S.Ct. 805 (1991). And since on this record timeliness is jurisdictional, we have no choice but to dismiss the appeal.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 The appeal is dismissed for lack of jurisdiction because it was filed after the statutory deadline for petitions for review from final decisions of the Merit Systems Protection Board.